[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13459

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LEONARDO ANCHICO-JIMENEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:05-cr-00365-JDW-AAS-5

_____

Before WILSON, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Leonardo Anchico-Jimenez appeals his 30-month sentence imposed upon revocation of his term of supervised release. He argues that his sentence was substantively unreasonable because the cumulative effect of the 30-month sentence upon revocation of supervised release, when added consecutively to his 210-month sentence from the Southern District of Florida, is excessive and violates 18 U.S.C. §§ 3553(a) and 3583. After careful review, we affirm the district court's sentence.

## I.    Factual Background

In 2006, a district judge in the Middle District of Florida sentenced Anchico-Jimenez to 144 months' imprisonment followed by 5 years of supervised release for possession with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(1)(B)(ii), and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii). Following his prison term, he was deported to his native Colombia in 2016. The probation office did not actively supervise him after his deportation.

In November 2019, a grand jury in the Southern District of Florida indicted Anchico-Jimenez.  In relevant part, his offenses included conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(a), (b) and 21 U.S.C. § 960(b)(1)(B), and possession with intent to distribute five kilograms or more of a mixture and substance containing cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(a), (b), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B).  The district court sentenced him to 210 months' imprisonment to be followed by 5 years of supervised release.

The probation office petitioned the Middle District of Florida to issue a warrant for four violations of supervised release, based on his indictment in the Southern District of Florida.  At the revocation hearing, Anchico-Jimenez admitted to the first supervised release violation, his conviction of conspiracy to possesses with intent to distribute, and the government dismissed the remaining violations.  The government informed the court that the advisory guidelines range for the supervised release violations was 24 to 30 months' imprisonment, the statutory maximum sentence was 60 months' imprisonment, and the court could impose a sentence to run at the same time as his current sentence (concurrently) or to begin after he completed the sentence imposed by the Southern District of Florida (consecutively).

The district court sentenced Anchico-Jimenez to 30 months' imprisonment to run consecutively to his term imposed by the Southern District of Florida.   The court stated that Anchico-Jimenez was not deterred by his previous 12-year sentence and thus a consecutive sentence reflects the fact that he committed essentially the same offense for which he was originally sentenced.   Anchico-Jimenez appeals the court's sentence and contends that given the surrounding circumstances—namely, his 210-month sentence in the Southern District of Florida—adding 30 months consecutively for the same conduct is excessive, violates 18 U.S.C. § 3553(a) and (b), and is thus substantively unreasonable.

## II.      Standard of Review

We review the reasonableness of a sentence imposed on revocation of supervised release for an abuse of discretion.   *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).   The party challenging the sentence bears the burden to show that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.   *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

## III.      Analysis

Where a district court revokes a term of supervised release, it may require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release.   18 U.S.C. § 3583(e)(3).

The decision to impose a consecutive sentence upon revocation is within a district court's discretion. *United States v. Quinones*, 136 F.3d 1293, 1295 (11th Cir. 1998) (per curiam). The Sentencing Guidelines provide that a "term of imprisonment imposed upon revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release." U.S.S.G. § 7B1.3(f). The sentence imposed upon revocation of supervised release is intended to sanction the breach of trust that results from failing to abide by the conditions of the court-ordered supervision and this sanction should be consecutive to any sentence imposed for the new conduct. U.S.S.G. Ch. 7, Pt. A, intro. 3(b). A term of imprisonment that is imposed on a defendant who is already subject to an undischarged term of imprisonment may run concurrently or consecutively, but the default rule is that multiple terms of imprisonment imposed at different times run consecutively unless the court orders that they shall run concurrently. 18 U.S.C. § 3584(a), (b). However, a court must consider the § 3553(a) factors in determining whether to order a sentence to run concurrently or consecutively. 18 U.S.C. § 3584(b); *United States v. Ballard*, 6 F.3d 1502, 1505 (11th Cir. 1993).

We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies

outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).  The decision regarding how much weight to assign a particular factor is committed to the discretion of the district court. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).  The district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of them.  *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).  An acknowledgment by the district court that it has considered the § 3553(a) factors is sufficient.  *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).

At the outset, we must note that Anchico-Jimenez challenges only the decision that his 30-month sentence be applied consecutively.  His position that a consecutive sentence is substantially unreasonable, however, rests on a faulty premise.  He argues that 30 months' imprisonment consecutive to a 210-month term equals 240-months (20 years) imprisonment for a "singular violation." **Doc. 18 at 21.**  Because 240 months' imprisonment is greater than necessary to achieve and satisfy the statutory mandate of federal sentencing and is substantially unreasonable when measured against the totality of the circumstances, he argues, this court should vacate the district court's decision.  But, the 240-month cumulative sentence results from two separate violations—his criminal violations (for which the Southern District of Florida sentenced him to 210 months) and his breach of the courts trust in violation of the terms of supervised release imposed by the Middle District

of Florida (for which the court below sentenced him to 30 months). Before us today is only a question of reasonableness in the Middle District of Florida's 30-month sentence for violation of supervised release.

First, Anchico-Jimenez argues that a consecutive sentence is substantially unreasonable because it cumulatively results in a greater sentence than necessary to achieve and satisfy the goal of federal sentencing. This argument fails because the Guidelines clearly order courts to issue a consecutive sentence upon revocation of supervised release. U.S.S.G. § 7B1.3(f), 18 U.S.C. § 3584(a). Further, the court found that in light of the revocation, the § 3353(a) factors suggest that a significant term of consecutive imprisonment is appropriate because Anchico-Jimenez essentially committed the same offense, has no respect for the law, and has not been deterred. Thus, the court properly weighed the § 3353(a) factors in deciding whether to apply a consecutive sentence. *Ballard*, 6 F.3d at 1505.

Second, Anchico-Jimenez contends that the circumstances—having to serve 210 months' imprisonment for the same conduct and deportation after release—makes a consecutive sentence substantively unreasonable. This argument fails for two reasons. First, as mentioned above, the 30-month sentence does not punish the same conduct as the 210-month sentence, and the Guidelines order a consecutive sentence in this instance. Second, the district court was within its discretion to give the outcome of the § 3553(a) factors more weight than Anchico-Jimenez's pending

deportation.  *Rosales-Bruno*, 789 F.3d at 1254.  Thus, the circum-stances relied on to demonstrate an unreasonable sentence do not apply here.

Anchico-Jimenez has not shown that the district court abused its discretion in imposing a consecutive 30-month sentence upon revocation of supervised release.  Moreover, the district court did not abuse its discretion by concluding that a consecutive sen-tence was warranted by the 18 U.S.C. § 3553(a) factors because his new criminal conduct was similar to the drug importation convic-tion for which he was serving his supervised release term.

AFFIRMED.